CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 18 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT E. MILLER, ) | Civil Action No. 7:12-cv-00382 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| P. MINES, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Robert E. Miller, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff did not submit payment of the $350 filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. See, e.g., Miller v. United States, No. 10-15437 (11th Cir. Feb. 9, 2011) (appeal dismissed as frivolous and entirely without merit); Miller v. United States, No. 1:10-cv-02996 (N.D. Ga. Oct. 29, 2010) (dismissed as a legally frivolous action); Miller v. Schmidt, No. 1:10-cv-01128 (N.D. Ga. Sept. 23, 2010) (dismissed with prejudice for lack of subject matter jurisdiction via the inherent power of the court to screen frivolous actions); Miller v. Miller, No. 1:09-cv-01700 (N.D. Ga. July 2, 2010) (granting a Fed. R. Civ. P. 12(b) motion to dismiss with prejudice and finding the action "so implausible and lacking in merit as to establish the complete lack of a federal controversy"). See also Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("frivolous" includes claims based upon an indisputably meritless legal theory, claims of infringement of a legal interest which clearly does not exist, or claims where the factual contentions are clearly baseless); Ross v. Baron, No. 12-1272, 2012 U.S. App. LEXIS 17957, 2012 WL 3590914 (4th Cir. Aug. 22, 2012) (recognizing a court lacks subject matter jurisdiction over an obviously frivolous complaint); Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d

1347, 1351-52 (11th Cir. 1998) (explaining that a federal question claim may be dismissed for lack of subject matter jurisdiction if the claim is wholly insubstantial and frivolous). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), I previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. Miller v. Zych, No. 7:11-cv-00290, slip op. at 5 n.1 (W.D. Va. June 27, 2011).

After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g).[1] Accordingly, I dismiss the action without prejudice for plaintiff's failure to pay the filing fee at the time of filing the complaint and dismiss all pending motions as moot. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

---

[1] Plaintiff filed the Complaint when he was incarcerated in Indiana, which negates imminent danger about facts described in the Complaint for prison conditions in Virginia. See, e.g., Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (recognizing that "imminent danger" relates to the time when the prisoner files the action, not about a past danger). Similarly, plaintiff's motion for a temporary restraining order discusses his conditions of confinement in Indiana and does not sufficiently relate to the challenged prison conditions in Virginia. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the injury claimed in the motion for preliminary injunctive relief and the conduct giving rise to a complaint). See also In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003) (stating that without this nexus, the court should not consider the factors for preliminary injunctive relief).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 18th day of October, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge